PETERS, Judge ad hoc.
This is a personal injury and property damage suit arising out of a collision between a car driven by plaintiff, Mrs. Mary Brackin, and a railroad maintenance machine driven by Charles Kimble, an employee of the Louisiana and Arkansas Railway Company. Plaintiff was driving south on Laurel St. in the Town of Simmesport. Defendant’s main railroad line through Simmesport is perpendicular to and intersects Laurel Street. At the time of the accident defendant maintained a train depot which was located in the northwest quadrant of the intersection of Laurel Street and the railroad line. The depot was 60 feet in length along the main rail line and 20 feet in width along Laurel Street. Attached to the south side of the depot was a 42-inch high platform. This platform paralleled the tracks and was five *238 feet wide. The front of the platform was 14 feet away from the centerline of the main rail line. The rails of the main line are 4 feet 814 inches apart, making the distance from the front of the platform to the nearest rail about IU/2 feet. The distance from the front of the depot building to the nearest rail was about I6I/2 feet. The intersection was marked with the standard railroad cross buck sign; in addition, Mrs. Brackin had been driving through this intersection for a number of years and was therefore familiar with it.
On the morning of the accident Charles Kimble was driving a tamper machine, a 26,000 pound machine used for railroad maintenance. Kimble was driving the machine in an easterly direction on the main rail line. Kimble testified that he first saw Mrs. Brackin’s car when it was near an intersection north of the depot; this intersection is about 100 feet north of the main line. Kimble was travelling at a speed of 10 to 15 miles per hour. After Kimble first saw Mrs. Brackin, the depot obscured his vision of her. He assumed she would stop for the intersection with the main line. He testified that the blue warning light on top of his machine was operating and he was sounding his whistle as he approached the intersection. Mrs. Brackin testified that she had not seen Kimble’s machine as she approached the intersection. She did not stop at the intersection to look for train traffic. She intended to drive over the tracks but when she was about 10 feet away from the tracks she saw the tamper machine. She slammed on her brakes and came to a stop with the front end of her car on the tracks. Kimble said that he locked up his brakes as soon as he saw that Mrs. Brack-in was in peril. He stated that the tracks were covered with dew and the wetness of the rails caused him to skid into the Brack-in car despite his efforts to stop.
The trial judge found that defendant was negligent in maintaining its depot too close to the railroad line without installing adequate warning signals. He also held Mrs. Brackin guilty of contributory negligence. However, he further found that Kimble had the last clear chance to avoid the accident. He rendered judgment for plaintiffs in the amount of $11,671.10. Defendant appealed and plaintiffs answered the appeal asking for an increase in the award. We find the judgment to be manifestly erroneous and reverse.
We deal first with the question whether defendant was negligent in maintaining a dangerous crossing. We find that the crossing in the instant case did not constitute a dangerous trap. The front of the depot building was 16j4 feet from the nearest rail. Since the platform which was attached to the front of the building was only 42 inches high, a driver on Laurel Street could stop his car a safe distance from the tracks and still be able to see an adequate distance down the tracks by looking over the platform. Mr. Dallas Raba-lais, town marshal of Simmesport at the time of the accident, testified that he investigated the scene of the accident to determine whether a driver on Laurel Street could see down the tracks without placing his car on the tracks. He found that even if one did not look over the platform, he could see around the platform when he placed his car with the front end about 4 feet from the nearest rail. From this vantage point Rabalais was able to see about 500 feet down the tracks. Rabalais further stated that while seated in his car he had no difficulty seeing over the platform. Since the platform was 5 feet wide, we assume that Rabalais could have placed his car with the front end 9 feet from the nearest rail and have been able to see down the tracks by looking over the platform. It is apparent from the testimony of Rabalais that Mrs. Brackin could have obtained an adequate view down the tracks without having to place her car nearer *239 than 9 feet from the tracks. The intersection therefore was not a dangerous trap,
Nor can we find any negligence on the part of Kimble in his operation of the tamper machine. The trial court found that Kimble negligently failed to stop his machine in time to avoid the accident. We can find no evidence to support such a conclusion. All the evidence indicates that Kimble did everything possible to stop his machine when he saw Mrs. Brackin approaching the tracks. He simply did not have sufficient time to stop.
We conclude that defendant was guilty of no negligence in the accident between the tamper machine and plaintiffs’ car.
For the reasons assigned, the judgment of the trial court is reversed at plaintiffs’ costs.
Reversed and rendered.